RECEIVED
IN LAKE CHARLES, LA
JAN 24 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO. 2:05 CR 20242 |
| VS. | : | JUDGE MINALDI |
| RAY ANTHONY KELLY, JR. | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

Presently before the court is the defendant's Motion to Dismiss the Indictment based upon Multiplicity.

### Facts

On November 9, 2005, a federal grand jury returned an indictment charging Ray Anthony Kelly ("Kelly") with possession of a firearm by a convicted felon in violation of 18 U.S.C. §922(g)(1) and possession of a firearm by an unlawful user of controlled substances in violation of 18 U.S.C. §922(g)(3). Both charges involve Kelly's alleged possession of the same firearm and the same date.

Kelly argues that because both counts of the indictment charge the same offense, the indictment should be dismissed based upon multiplicity. The government contends that it is not improper to charge separate counts under §922(g) on the basis of each disqualifying status.

### Law and Analysis

Section 922(g) of Title 18 makes it unlawful for a person in one of nine specified classes to possess a firearm or ammunition. Thus, the statute prohibits firearm possession by, for example,

convicted felons, fugitives, unlawful users of drugs, adjudicated "mental defectives," and illegal aliens. While the prohibited conduct is the possessing of any firearm or ammunition, the statute applies only to members of classes specified in the statute. *U.S. v. Dunford*, 148 F.3d 385 (1998), 388 -389 (C.A.4 (Va.), 1998). Kelly is a member of at least two of the disqualifying classes, being a convicted felon and an illegal drug user. *See* § 922(g)(1) & (3). He argues, however, that whether he is a member of one disqualifying class or all nine, a single act of possession can only constitute a single offense.

The nine classes of persons barred from firearm possession by § 922(g) are those classes which consist of persons Congress considered too dangerous to possess guns by reason of their status. The court in *Dunford* saw nothing in the statute which would suggest that Congress sought to punish persons by reason of their legal status alone and reasoned that if they were to interpret the statute to establish separate offenses for each separate status, they would, in effect, be criminalizing the status itself. Thus, the *Dunford* court held that while a person must be a member of at least one of the nine classes prohibited from possessing guns under § 922(g), a person who is disqualified because of membership in multiple classes does not thereby commit separate and multiple offenses. The offense is determined by performance of the prohibited conduct, *i.e.*, the possessing of a firearm or ammunition. In so holding, the *Dunford* court joined the other courts that have reached a similar conclusion. *See United States v. Johnson*, 130 F.3d 1420, 1425-26 (10th Cir.1997), *petition for cert. filed* (April 1, 1998) (No. 97-8558); *United States v. Munoz-Romo*, 989 F.2d 757, 759-60 (5th Cir.1993); *United States v. Winchester*, 916 F.2d 601, 605-08 (11th Cir.1990); *but cf. United States v. Peterson*, 867 F.2d 1110, 1115 (8th Cir.1989) (convictions under §§ 922(g)(1) and (g)(3) for same act of possession did not violate the Double Jeopardy Clause), *abrogated on other grounds, Horton*

*v. California,* 496 U.S. 128, 110 S.Ct. 2301, 110 L.Ed.2d 112 (1990).

In *Peterson, supra,* Steven Peterson argued that the multiple firearm violation counts filed against him were duplicative, and therefore violate the double jeopardy clause of the fifth amendment. The court reasoned that the test for duplicative charges is whether each charge requires proof of an element that the other does not. *See Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932); *United States v. Schrenzel,* 462 F.2d 765, 771 (8th Cir.), *cert. denied,* 409 U.S. 984, 93 S.Ct. 325, 34 L.Ed.2d 248 (1972). Each of the firearm counts filed against Steven Peterson required a unique element of proof. Proof was required that, as a convicted felon, Peterson unlawfully possessed ammunition during the days of each search, since each day was a separate offense. Similarly, the possession of a firearm by a convicted felon was a separate offense requiring additional proof. Finally, proof of Peterson's controlled substances use was needed to find guilt based on the fourth and last count. Thus, the court held that the charges were not duplicative, but simply reflected the broad pattern of Peterson's illegal behavior. *U.S. v. Peterson,* 867 F.2d 1110, 1115 (C.A.8 (Iowa), 1989).

In *United States v. Munoz-Romo,* 947 F.2d 170 (5th Cir. 1991), cited by the Government, the defendant was convicted in the United States District Court for the Southern District of Texas, of possession of cocaine, illegal firearms possession and money laundering, and he appealed. The Court of Appeals, 947 F.2d 170, upheld defendant's convictions and affirmed in part and vacated in part his sentence. On petition for writ of certiorari, the Supreme Court, 113 S.Ct. 30, vacated and remanded for further consideration. On remand, the Court of Appeals, held that federal statute criminalizing possession of firearm by any one of seven types of offenders did not contemplate that accused who fit more than one offender category could be convicted of separate offenses for his

possession of single weapon on the same occasion.

The issue on remand in *Munoz-Romo* was whether the subsections of 18 U.S.C. § 922(g) allowed separate sentences for the same criminal act. In response to a petition for writ of certiorari from *United States v. Munoz-Romo*, 947 F.2d 170 (5th Cir.1991), the Solicitor General took a position different from that originally asserted in the Court of Appeal and confessed error in the Fifth Circuit's upholding two such sentences. The Solicitor General urged that the case be remanded for dismissal of one of the two. The Supreme Court granted certiorari, vacated the judgment, and remanded "for further consideration in light of the position asserted by the Solicitor General ...," 506 U.S. 802, 113 S.Ct. 30, 121 L.Ed.2d 4. On remand the court modified the prior judgment and held that the language and structure of Section 922(g) disclosed Congress's clear intent not to impose cumulative *punishments* when the same incident violates two subdivisions of subsection (g), agreeing with the Eighth Circuit in *Peterson* (emphasis added). U.S. v. *Munoz-Romo*, 989 F.2d 757, 759 (C.A.5 (Tex.), 1993).

The government's position in *Munoz-Romo* was that a defendant should not be punished separately under two or more subdivisions of §922(g), not that a defendant could not be charged with two or more counts based on separate disqualifications.

The government, in the case at bar, argues that it is not improper for a prosecutor to charge separate counts of unlawful weapons possession under §922 (g) on the basis of each disqualifying status, as the elements of each are not the same, to seek a verdict on each and then to merge the multiple convictions for sentencing purposes.

The charges pursuant to §922(g)(1) & (3) require proof of different elements. Proof will be required that Kelly was a convicted felon and proof will be required that he was a controlled

4

substance user. Therefore, these two charges are not duplicative or multiplicitous. Accordingly, the defendant's motion to dismiss will be denied. If, however, the jury renders a guilty verdict on both counts, these counts will be consolidated for sentencing.

Lake Charles, Louisiana, this 22 day of January, 2006.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE